## Taylor v. Willis, Administrator, et al.

(Decided June 19, 1925.)

### Appeal from Butler Circuit Court.

1. Executors and Administrators—Evidence Held to Show Note Sued on by Administrator to have Been Matter Outside Partnership Between Deceased and Defendant, and that it had Not Been Paid.—Evidence held to show note sued on by administrator to have been matter outside parnership in stock-buying business between deceased and defendant, and that it had not been paid.
2. Bills and Notes—Defendant had Burden to Prove Payment by Satisfactory Evidence.—In action on note, plea of payment was on defendant to prove, it being his duty to support it by satisfactory evidence.

E. N. MAYHUGH and A. J. BRATCHER for appellant.

G. V. WILLIS for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

Appellee, as administrator of the estate of C. C. Calloway, deceased, brought this action against appellant,

R. E. Taylor, on a note for $1,029.82 executed by appellant on May 3, 1919, and payable to appellee's decedent, one day after its date. Appellant admitted the execution of the note and pleaded payment. As the plea of payment involved the consideration of some partnership accounts between appellant and Calloway, the case was transferred to the equity side of the docket. After preparation and submission, the court gave the appellee judgment for the amount of the note and appellant appeals.

It appears for some years prior and subsequent to the execution of this note, appellant and Calloway were partners in the buying, raising and selling of stock. Taylor owned a farm which Calloway cultivated. The two raised some stock of their own, bought other stock which they fed with the produce of the farm as well as with food bought, and later sold such stock in the markets. In all this Taylor and Calloway were equal partners. Calloway seems to have kept the accounts and the books, but in a very meagre way. The note herein sued on was given by Taylor to Calloway for a loan of money to enable Taylor to purchase some land known as the Benson place, and had no connection with the partnership business at all. The evidence establishes very clearly that the note herein sued on had not been settled or paid a year prior to Calloway's death, which happened in June, 1922. Appellant introduced testimony tending to show that from this time on he drew no more funds from the partnership account when cattle were sold but permitted the same to be credited by Calloway on this note. This evidence, however, was much weakened, if not destroyed, by the production of checks payable to appellant endorsed and cashed by him subsequent to that time and prior to an alleged settlement which we will shortly discuss and which checks were for Taylor's share of cattle sold. In February, 1922, Taylor and Calloway met in the store of the witness, Webster. After some figuring between them Taylor gave Calloway a check for $56.61, and some witnesses testify that Calloway thereupon said "we are even again." Appellant insists that he and Calloway at this time made a settlement of their mutual accounts and that this $56.61 represented the balance due on such settlement. Appellee, however, produced a little black book in which it is made clearly to appear that this $56.61 was simply the balance due Calloway from appellant on the sale of a

specific lot of nineteen hogs and did not involve a settlement of this note. A large ledger introduced in evidence tends to prove that prior to the year 1921 the parties had time and again reached a settlement of their partnership accounts, for we find on many pages a cross running through the accounts and a notation at the bottom "settled in full." Yet it is proved that in the year 1921, the note herein sued on had not then been paid, which convinces us that Taylor and Colloway regarded this note as a matter beside their partnership affairs and did not take it into consideration in the settlement of their partnership accounts. Therefore, there was no inconsistency between Calloway's statement at this February settlement that "they were even again," and the fact that the note was then still unpaid. Due to the condition of the hog and cattle market in 1921, the parties had not sold much, if any, stock in that year and the settlement in February, 1922, involving the sale of a specific lot of nineteen hogs credited by certain hogs killed by the parties themselves for their own personal use, no doubt did settle the partnership accounts then between the parties, and Calloway no doubt *bona fidely* stated that they were again even without in any way meaning thereby that the note had been paid. This is strengthened by the fact that a short while before his death he stated to a witness introduced by appellee that Taylor still owed him $1,000.00, which he had let him have. The appellant's ground for appeal, although not specifically stated, seems to be that the evidence does not support the chancellor's finding. From the statement of the evidence as thus outlined by us, it appears that it does. The plea of payment was, of course, upon appellant to prove and it was his duty to support it by satisfactory evidence. This he has failed to do and the judgment of the lower court is affirmed.